UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
NICHOLAS FATIGA,                :
                                :
        Petitioner,             :   Civ. No. 19-1934 (NLH)
                                :
    v.                          :   OPINION
                                :
SCOTT YOUNG,                    :
                                :
        Respondent.             :
_____:

APPEARANCE:
Nicholas Fatiga, No. 65462-066
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Nicholas Fatiga, a prisoner presently incarcerated at the Federal Correctional Institution at Fairton in Fairton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security.  See ECF No. 1 (petition).

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis. Petitioner must either prepay the $5.00 filing fee or submit a complete application to proceed in forma pauperis.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases

within thirty (30) days, by paying the filing fee of $5.00, or submitted a completed application to proceed in forma pauperis. An appropriate Order will be entered.

Dated: January 31, 2019          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).