UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS FATIGA, | |
| Petitioner, | Civ. No. 19-1934 (NLH) |
| v. | OPINION |
| SCOTT YOUNG, | |
| Respondent. | |

APPEARANCES:
Nicholas Fatiga, No. 65462-066
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
   Petitioner Pro se

John Andrew Ruymann, Esq.
John Tudor Stinson, Jr., Esq.
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ 08608
   Counsel for Respondent

HILLMAN, District Judge

   Petitioner Nicholas Fatiga, a prisoner presently confined at the Federal Correctional Institution ("FCI") at Fairton in Fairton, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the validity of his sentence. ECF No. 1. Respondent filed a Motion to Dismiss the Petition in which he argues that the Petition should be dismissed for lack of jurisdiction. ECF No. 9. Petitioner filed an opposition to the Motion, ECF No. 11, and Respondent

filed a reply, ECF No. 11. The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion and dismiss the Petition for lack of jurisdiction.

I. BACKGROUND

On July 14, 2010, Petitioner was charged in a second superseding indictment for participating in a conspiracy to distribute cocaine. See No. 10-cr-52, ECF No. 103 (E.D. Pa.). On February 24, 2011, pursuant to a plea agreement, Petitioner pled guilty to conspiracy to distribute five kilograms of cocaine in violation of 21 U.S.C. § 846. See id., ECF No. 448.

Petitioner's sentencing hearing was held on June 26, 2012. Id. Pursuant to Section 2D1.1(a) of the 2009 Sentencing Guidelines, Petitioner had an initial base offense level of thirty-two (32) for an offense involving more than five but less than ten kilograms of cocaine. Id. at 2. The sentencing court determined that Petitioner qualified as a "career offender" under U.S.S.G. § 4B1.1 because of prior drug trafficking offenses, which increased the offense level to a thirty-seven (37). The sentencing court then reduced the offense level by three "for being a minimal participant in the crime activity" and by an additional three for acceptance of responsibility, "resulting in a total offense level of thirty-one (31)." Id. As a career offender under the Guidelines, Petitioner received a criminal history category of VI, which, with his offense level,

carried an advisory sentencing range under the applicable Guidelines of 180 to 235 months' imprisonment.  Id.

The sentencing court then granted the Government's motion for a downward departure, which further reduced Petitioner's offense level to twenty-seven (27).  Id.  The sentencing court concluded that, under the Guidelines, Petitioner's advisory range would be 132 to 162 months' imprisonment.  Id. at 2-3.  After considering the advisory range and other relevant factors, the sentencing court sentenced Petitioner to 162 months of imprisonment.  Id.  Petitioner did not challenge his sentence on direct appeal or through a motion pursuant to 28 U.S.C. § 2255.

On August 25, 2017, Petitioner filed a pro se motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).  Id., ECF Nos. 439 (motion), 440 (supplement), 445 (additional supplement).  Petitioner sought to reduce his sentence to a range between 110 to 137 months based on Amendment 782 of the Guidelines.  Id., ECF No. 448 at 3.  On May 30, 2018, the sentencing court denied the motion on grounds that the Amendment did not affect Petitioner's applicable sentencing range.  Id.

Petitioner then filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court on January 30, 2019.  No. 19-cv-1934, ECF No. 1 (D.N.J.).  In the Petition, he argues that he should not have been designated as a career offender under the Guidelines at sentencing.  Specifically, he

3

relies on two Supreme Court cases, Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), to support his theory that his prior convictions "do not qualify him as a career offender" and that he is entitled to resentencing without the career offender enhancement. ECF No. 1 at 7-8.

II. DISCUSSION

    A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be

5

considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v.

6

Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241"); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241"); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same). Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence under § 2241.[1]

---

[1] The Court notes Petitioner's citation in reply of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), for the proposition that challenges to a federal prisoner's sentence are cognizable in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by the savings clause of 28 U.S.C. § 2255(e). That is not the case, however, for such claims within the Court of Appeals for the Third Circuit, which, as the above cited cases demonstrate, precludes jurisdiction for such claims brought pursuant to § 2241. The rule in Wheeler is not applicable to the district courts within the Third Circuit.

7

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court will decline to construe the petition as a motion pursuant to 28 U.S.C. § 2255 and transfer it to Petitioner's sentencing court because it does not appear that Petitioner can satisfy the timeliness requirements of § 2255(f). The Court's decision not to transfer the case does not prevent Petitioner from seeking relief from his sentencing court by filing a motion pursuant to 28 U.S.C. § 2255 on his own.

III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


Dated: June 24, 2019　　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.